Opinion by
Mr. Justice Sutton.
Woodard and Phillip Revera Jaime were charged jointly in an amended information in the district court of Weld County with both forgery and confidence game. Both plead not guilty. Trial was to a jury which found both defendants guilty as charged.
By writ of error Woodard seeks reversal of the judgment. He urges three grounds of error:
(1) The verdict of the jury is against the law and the evidence,
(2) An improper appeal to the jury by the district attorney; and
(3) That a new trial should have been granted because of newly discovered evidence.
The record discloses that Woodard, who was a Denver cab driver, was engaged at about 3:00 a.m. on May 10, 1961, in Denver by a man variously identified as Jose or David Martinez to take Martinez first to Derby and then to Greeley, Colorado. An involved evening and following day resulted from this contract for hire. The gist of it is that Martinez, according to Woodard, hired him to drive him back and forth to Greeley several times, first in his cab and then in his private car so that Martinez could collect certain moneys allegedly due him from gamblers out of which sums he promised Woodard two hundred dollars for his work.
The last time Woodard and Martinez were in Greeley, they had Woodard’s co-defendant Jaime with them. What happened at that time, as relevant to this proceeding, is well summarized in the appellant’s opening brief as follows: “Martinez directed him (Woodard) to the parking lot of the Downtown Foodliner, a grocery, and Martinez, who was drunk, gave defendant (Woodard) a check blank and asked him to show him how to fill it out. He filled it out and handed it back to Martinez to *164 make a copy of it and have it signed. Defendant then went to sleep as he, too, had been drinking.
“The check had been signed Gehlen Miller. Martinez gave the check to Jaime. Jaime cashed the check at the Foodliner, and gave the money he had received to Martinez who had given him the check.”
A review of the record and of the briefs filed, as well as the oral argument, all reveal that what Woodard was doing when he filled out the check in question and gave it to Martinez, was showing the latter how to forge a “genuine bogus check” as it was so aptly described during oral argument, for he admittedly prepared it and gave it to Martinez for the purpose of copying it so a bogus check could be passed by one of his companions.
Woodard’s principal defenses though are that he was drunk at the crucial time and that he personally had no intent to commit either crime. True it is that one must have an intent to pass a bogus check under C.R.S. ’53, 40-10-1, as the statute has been interpreted [e.g. McBride v. People, 126 Colo. 277, 248 P. (2d) 725 (1952)] or to commit forgery under C.R.S. ’53, 40-6-1. It is also true that one might be so intoxicated as to not know what he was doing and thus a jury could conclude that he either could not form or have the requisite intention under the statutes. In this case, however, there was evidence of prior, coordinated attempts by this triumvirate to pass worthless checks and a course of conduct depicted for the jury from which it could and did find the necessary animus in spite of the drinking by the defendants. Such being the case and since there is ample evidence in the record to sustain the verdict it cannot be held to be “against the law.”
In regard to the second ground of asserted error, it is our belief that two comments during the trial as well as certain closing remarks of the district attorney to the jury, though not good practice, did not result in error. Typical of the statements now objected to are the following made to the jury: “You are the conscience *165 of our county”; and later, “the jury, in the face of evidence which would justify a conviction, may turn a man loose. Let me tell you: every time a jury does that, you’re tearing away some part of our jury system and it’s important to our form of government.” All of the objected-to remarks when read in context, and in view of the evidence presented, can not be said to fall within that class of objectionable conduct which would justify reversal on the ground of denial of a fair trial.
Finally, Woodard’s assertion that he has recently discovered evidence that would justify a new trial rests upon an affidavit from Martinez whose presence he now asserts was necessary at the trial and whose whereabouts he alleges were not known until three days before the trial. We note, in this connection, that no motion for a continuance was made so that Martinez could be brought from the Wyoming penitentiary as a witness for this trial. In any event, this affidavit sets forth in the words of counsel for Woodard “that Woodard did help him by writing a check which he was to copy, and that Woodard did not know that the check that he had written would be passed as a valid check and that Woodard knew nothing about the passing of the check nor did he receive any of the money from the check.”
Suffice it to say, concerning the asserted right to a new trial based on the above statement, that this affidavit merely substantiates evidence which was already before the court at the trial.
The judgment is affirmed.
Mr. Justice Hall and Mr. Justice Frantz concur.